Melvin SUTHERLAND, Appellant,

v.

ITT CONTINENTAL BAKING CO., INC., Appellee.

No. 82–1685.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1983.

Decided June 29, 1983.

Leonard Singer, Kansas City, Mo., for ITT Continental Baking Co.; Watson, Ess, Marshall & Enggas, Kansas City, Mo., of counsel.

Doris Gregory Black, St. Louis, Mo., for appellant.

Before LAY, Chief Judge, and McMILLIAN and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

This is an appeal from the order of the district court, the Honorable H. Kenneth Wangelin presiding, denying Sutherland's motion to reinstate his complaint on the court's docket, after the action had been dismissed with prejudice. On this appeal Sutherland treats his motion as having been filed pursuant to rule 60(b) of the Federal Rules of Civil Procedure. Sutherland contends that the district court abused its discretion in denying his motion. For the reasons set out below, we affirm the judgment of dismissal.

Sutherland filed an action pursuant to 42 U.S.C. §§ 1981 & 2000e (1976) on October 29, 1980, against his employer, ITT Continental Baking Company. He complained that Continental Baking had racially discriminated against him because it did not promote him to a particular position in 1977. The case was twice set for trial and did not proceed; it was set for trial a third time on January 4, 1982, and neither Sutherland nor his counsel, Doris G. Black, appeared. The district court dismissed the action with prejudice on the same date. Thereafter, on February 2, 1982, Sutherland filed a motion to reinstate the case on the trial docket. The district court found that the reasons given by attorney Black for her failure to appear could not support reinstatement of the cause. The court denied the motion on May 19, 1982. Sutherland filed a notice of appeal from both the May 19 denial of the motion and the January 4 dismissal with prejudice.

Initially, we hold that we lack jurisdiction to review the January 4 dismissal because the appeal was not filed within 30 days of that order. Fed.R.App.P. 4(a); *see Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) ("This 30-day time limit is 'mandatory and jurisdictional.'"). Some post-trial motions, *e.g.,* Fed.R.Civ.P. 50(b), 52(b), 59(a) & (e), toll the running of the time for appeal until the disposition of the motion. *See* Fed.R.App.P. 4(a)(4). However, Sutherland's motion to reinstate cannot be considered under any of these rules because such motions must be filed within 10 days of the judgment and his motion was not filed until almost a month after the judgment was entered.

In his briefs and argument before this court, Sutherland treats his motion to reinstate as having been filed pursuant to rule 60(b) of the Federal Rules of Civil Procedure, even though the motion was not so designated in the district court. A rule 60(b) motion for relief from a final judgment does not contain the 10-day time limit and may be filed up to one year after the judgment if within a reasonable time.

Therefore, Sutherland's rule 60(b) motion was timely. However, rule 60(b) motions do not toll the running of the time for appeal from the original judgment and an appeal from a rule 60(b) decision does not bring the original judgment up for review. *Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; *Fox v. Brewer,* 620 F.2d 177, 179–80 (8th Cir.1980); *Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir.1975). Thus, if we treat Sutherland's motion to reinstate as a rule 60(b) motion, we have only the district court's denial of that motion before us for review. Our review is limited to whether the district court abused its discretion in denying relief from its original judgment. *Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; *Lang v. Wyrick,* 590 F.2d 257, 259 (8th Cir.1978) (per curiam); *Cline v. Hoogland,* 518 F.2d at 778.[1] The district court found that the reasons in support of reinstatement were insufficient, and from our review of the record, we cannot say that the district court abused its discretion.

Sutherland's attorney, Doris Black, filed an affidavit in support of the reinstatement motion alleging that she had been incapacitated and unable to practice law from August 20 until October 1, 1981. The record indicates that the court mailed the notice of the January 4 trial setting on August 25, 1981. Black further alleged that the only reason she did not appear was because she "did not know of the January 4, 1982 setting." An affidavit was also filed by Peggy Hardge, an attorney with whom Black shares office space. Hardge swore that during Black's absence from the office she personally opened all mail and recorded the dates because they were using temporary secretarial help at the time. Hardge further swore that she received no written notice of a court date and no oral notifica-

tion of a court date from the defendant's counsel. An affidavit filed by the plaintiff, Melvin Sutherland, stated that the action was meritorious.

The district court found, notwithstanding these affidavits, that Black had or should have had notice of the trial date. At the very least, Black had constructive notice and an obligation to inquire into the status of this case. First, there is a presumption that a letter transmitted by mail was received by the addressee. *Arkansas Motor Coaches v. Commissioner,* 198 F.2d 189, 191 (8th Cir.1952). Although Hardge asserted that she received no mailed notice, the district court found inconsistencies in her affidavit that detracted from its efficacy. Also, even though Black swears she was totally incapacitated during this period, she was in St. Louis during this period and her signature appears on plaintiff's first set of interrogatories dated September 11, 1981.

Second, counsel for Continental Baking, Brian J. Finucane, filed an affidavit stating that he had discussed the January 4 trial setting with Peggy Hardge. He swore that he told Hardge that he was interested in negotiating a settlement before having to prepare again for trial and Hardge told him she would discuss the matter with Black. The district court found that Hardge's affidavit was inconsistent on this crucial fact of oral notification and was therefore not persuasive.

Third, included in the court's August 25, 1981, notice of the trial setting was a pretrial order. This order required the parties to meet and prepare a joint stipulation, and to deliver to opposing counsel and the court lists of proposed witnesses, requested jury instructions, and trial briefs. It is uncontested that eight days prior to trial counsel for Continental Baking mailed Black a copy

1. If Sutherland had appealed directly from the January 4, 1982, dismissal, our review would still be limited to an abuse of discretion standard. *See Link v. Wabash R.R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1193 (8th Cir.1976). In *Link,* the Su-

preme Court approved the district court's dismissal of an action for failure to prosecute after plaintiff's counsel failed to appear at a scheduled pretrial conference. The Court held that the dismissal, under all the circumstances and drawn-out history of the litigation, was not an

of his compliance with the pretrial order.[2] Black does not deny receiving this pretrial compliance. The district court observed that an exchange of such information about 10 days prior to trial is standard procedure in the eastern district and that Black is an experienced attorney familiar with the court's pretrial procedures. Receipt of defendant's pretrial compliance should have alerted Black that trial was imminent. The district court concluded that at the very least Black was obligated to inquire about the status of the case and she did not do so.[3]

Fourth, the district court concluded that dismissal of the action and the refusal to reinstate it did not unjustly penalize Sutherland. Although dismissal of an action with prejudice is a severe sanction, Sutherland "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash Railroad,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), *quoted in Fox v. Brewer,* 620 F.2d at 180.

■ Last, the district court found that the revival of the action would be prejudicial to Continental Baking because it had a right to rely on the dismissal with prejudice. Sutherland contends that this conclusory statement by the district court was not supported by the record. Sutherland further argues that Continental Baking must establish that it would be actually prejudiced by the reinstatement of the action. In support of this statement of law Sutherland cites two Title VII cases brought by

the EEOC that required the defendant employer to establish it had been prejudiced by plaintiff's delay in bringing suit before being entitled to dismissal of the action. *E.g., EEOC v. Westinghouse Electric Corp.,* 592 F.2d 484 (8th Cir.1979). These cases are totally inapposite to the situation presented here. This is an appeal from the denial of a rule 60(b) motion, not from an order of involuntary dismissal. The rule 60(b) cases we have found do not discuss the presence or absence of prejudice to the nonmoving party as a basis for granting or denying relief. At most, it can be said that the district court in its discretion will consider whether "any intervening equities" would make it inequitable to grant relief. *See* 7 J. Moore, *Moore's Federal Practice* ¶ 60.19, at 238 (2d ed. 1982). Certainly, this does not require the nonmoving party to come forward with evidence of prejudice, and the district court did not err in failing to make specific findings in this regard.

■ From our review of the record we do not find a pattern of deliberate delay and contumacious conduct that characterizes some cases. *See Lang v. Wyrick,* 590 F.2d at 259 (plaintiff failed to respond to defendant's motion to dismiss even after the court's repeated requests; failed to attend two pretrial conferences; failed to appear at trial). Nevertheless, the district court found that Doris Black should have known of the trial setting or did know of the trial setting and simply failed to appear.[4] Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or

abuse of the trial court's discretion. *See also* Fed.R.Civ.P. 41(b).

2. There was no meeting between the parties as required by the pretrial order. According to defendant's counsel at oral argument, this was because the meeting was for the sole purpose of preparing a joint stipulation and the parties had already filed a stipulation. Because they had no further stipulations to make, there was no reason for a pretrial meeting.

3. Although not relied on by the district court, we also note that pursuant to local rules of the Eastern District of Missouri, E.D.Mo.R. 12(A), the district court's trial calendar was posted in the clerk's office. Continental Baking contends

that this provided Black with ample constructive knowledge of the trial setting. We do not rely on this fact alone, but add it to the other evidence pointing to Black's knowledge of the trial setting.

4. Parenthetically, we note that Black failed to appear for the oral argument scheduled before this court until our clerk's office telephoned to find out where she was. This court has consistently scheduled oral arguments in the morning and attorneys are required to appear at 8:30 a.m. Black has appeared in this court several times before, yet she maintained at oral argument that she thought the argument was scheduled for 1:30 p.m.

carelessness. *See, e.g., Clarke v. Burkle,* 570 F.2d 824, 831 (8th Cir.1978); *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir. 1969). Black's failure to appear at trial is not the sort of inadvertence or excusable neglect that properly forms the basis for rule 60(b) relief. The district court concluded that Black could not "escape her indolence" by a motion to reinstate and we can find no abuse of discretion in that conclusion.

Accordingly, the district court's judgment of dismissal is affirmed.