Michael J. ILARDI, Plaintiff,

v.

BECHTEL POWER CORPORATION, Defendant.

CV–84–1976 (MAC).

United States District Court, E.D. New York.

July 16, 1985.

Hockert & Flamm, New York City (Leonard N. Flamm, New York City, of counsel), for plaintiff.

Shearman & Sterling, New York City (Robert S. Fischler, New York City, of counsel), for defendant.

## OPINION AND ORDER

MALETZ, Senior Judge.[1]

Plaintiff Michael J. Ilardi instituted this action against his former employer, defendant Bechtel Power Corporation, under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634 (1982). At the conclusion of Ilardi's case, the court granted Bechtel's motion for a directed verdict, pursuant to rule 50(a) of the Federal Rules of Civil Procedure. Ilardi, represented by new counsel, now moves for an order (1) setting aside the directed verdict and granting a new trial, Fed.R.Civ.P. 59(a), and (2) vacating the judgment for defendant entered on May 13, 1985, under *id.*

---

1. Of the United States Court of International Trade, sitting by designation.

60(b). For the reasons that follow, plaintiff's motion is denied.

## I. *Background*

Late in 1983, Bechtel terminated Ilardi's employment as a senior field expediter in a reduction-in-force ("RIF").[2] Ilardi, then 58 years old, alleged that the RIF was directed at Bechtel's older employees and that Bechtel was being deceptive when it contended that a national numerical ranking of its area expediters placed him 59th out of 60. Ilardi hoped to prove that the RIF had an inordinate impact on older workers, thus demonstrating Bechtel's violation of the ADEA, which makes it unlawful for an employer:

> to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age....

29 U.S.C. § 623(a)(1).

"To establish a prima facie case under ADEA, a plaintiff must show that (1) he was within the protected age group; (2) he was qualified for the position at the time of the discharge; (3) he was discharged; and (4) the circumstances of the discharge give rise to an inference of age discrimination." *Koyen v. Consolidated Edison Co. of New York*, 560 F.Supp. 1161, 1163 n. 6 (S.D.N.Y.1983) (citing *Pena v. Brattleboro Retreat*, 702 F.2d 322, 324 (2d Cir.1983)). In other words, "[a] plaintiff has the initial burden of offering adequate evidence to raise an inference that an employment decision was based on discriminatory criteria illegal under the Act." *Air Line Pilots Association, International v. Trans World Airlines, Inc.*, 713 F.2d 940, 951 (2d Cir.1983), *rev'd on other grounds sub nom. Trans World Airlines, Inc. v. Thurston*, — U.S. ——, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–06, 93 S.Ct. 1817, 1823–26, 36 L.Ed.2d 668 (1973); *Stanojev v. Ebasco Services, Inc.*, 643 F.2d 914, 919–21 (2d Cir.1981).

On Bechtel's motion for a directed verdict, the court, considering the evidence in the light most favorable to Ilardi, found that plaintiff had demonstrated only his membership in the protected age group, his qualification for the position at the time of discharge, and his discharge. Crucially lacking was any evidence that the circumstances of Ilardi's discharge gave rise to an inference of age discrimination. Given Ilardi's failure of proof on the fourth element of his ADEA claim, the court directed a verdict for Bechtel.

Plaintiff's motion for a new trial is supported by the affidavits of (1) plaintiff himself, (2) Bernard Wray, his former attorney, and (3) Leonard N. Flamm, his current attorney. The Wray affidavit articulates four grounds for relief under rules 59(a) and 60(b) of the Federal Rules of Civil Procedure: (1) newly discovered or unconsidered evidence; (2) inadvertent errors by Wray regarding evidentiary matters prompted, in part, by unanticipated trial developments; (3) mistake, surprise, and excusable neglect by Wray; and (4) improper evidentiary rulings by the court. The Flamm affidavit refers to evidence of age discrimination that would have supported a *prima facie* case and observes:

> Unfortunately, such proofs, for various reasons, were either never offered or not properly offered and, accordingly, were never received in evidence. Had such proofs been properly presented, Defendant's motion for a directed verdict would have been denied and the trial would have gone forward.

Flamm further argues that a new trial would not prejudice Bechtel seriously and states plaintiff's willingness to pay "an appropriate sum as motion costs." For its part, Bechtel not only opposes Ilardi's motion, but seeks sanctions against his new attorney, pursuant to rule 11 of the Federal Rules of Civil Procedure.

---

**2.** Bechtel contended that Ilardi was laid off, not terminated, but this seems at most a semantic dispute since, practically speaking, there was no dispute that Ilardi's employment with Bechtel had come to a permanent end.

## II. *Motion for New Trial*

█ Rule 59(a) provides that a new trial may be granted in a jury case "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 60(b) provides for relief from a final judgment or order for several reasons, among which are "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from the operation of the judgment." "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969). By now, it is hornbook law that "[n]either ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b) relief." *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir.1972). *Accord Hoffman*, 405 F.2d at 835. *Cf. Sutherland v. ITT Continental Baking Co.*, 710 F.2d 473, 476–77 (8th Cir.1983) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness."). Against this background, the court considers plaintiff's entitlement to relief, if any, under subdivisions (1), (2), and (6) of rule 60(b).

### A. *Mistake, Inadvertence, Surprise, or Excusable Neglect*

Subdivision (1), which provides relief upon a showing of "mistake, inadvertence, surprise, or excusable neglect," will offer no assistance to a grossly careless litigant, whose "negligence will dispose the court not to exercise its discretion in his favor." *Greenspahn v. Joseph E. Seagram & Sons, Inc.*, 186 F.2d 616, 619 (2d Cir.1951).

Plaintiff cannot offer any persuasive explanations for Mr. Wray's evidentiary failures at trial. The most significant eviden-

tiary rulings were (1) the court's refusal to permit testimony by two former employees of Bechtel, close in age to plaintiff, to the effect that they too had been terminated in the RIF and (2) the court's refusal to receive in evidence a document purporting to show which expediters had been discharged and their ages. The court is convinced of the correctness of these rulings and finds that neither could have come as a surprise to counsel.

█ The first ruling, barring portions of the proposed testimony of former Bechtel employees, was predicated on the authority of *Haskell v. Kaman Corp.*, 743 F.2d 113, 121 (2d Cir.1984), which held that testimony regarding the circumstances of the termination of other employees was inadmissible where the statistical sample was not large enough to permit an inference that age was a determinative factor. Inasmuch as *Haskell* was cited and relied upon in letters dated March 1 and April 29, 1985 that Bechtel submitted to the court and served on Mr. Wray, the court's ruling could hardly have been unexpected.[3] The second ruling stemmed from Mr. Wray's failure to lay a foundation for admission of the document that purported to list dismissed expediters and their ages. This failure is in no way excused by rule 60(b)(1). *See, e.g., Hoffman, supra; Bershad, supra; Sutherland, supra.*

### B. *Newly Discovered Evidence*

█ The criteria for relief under rule 60(b)(2) have been summarized by the Eighth Circuit:

> [T]he moving party must establish that: (1) the evidence was discovered after trial; (2) it exercised due diligence to obtain the evidence for trial; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial probably would produce a new verdict.

**3.** Mr. Wray objected to defendant's submission of the April 29 letter on the eve of trial, characterizing it as "sharp practice." The court found—and finds—this objection groundless, since it is common practice to make pretrial submissions. So long as these submissions are not *ex parte*, as Bechtel's was not, they are scarcely to be criticized.

*Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). The short of the matter is that plaintiff has not indicated what, if any, evidence was discovered after trial. *Cf. American Elastics, Inc. v. United States,* 84 F.Supp. 198, 198 (S.D.N.Y.1949) (movant referred to "new evidence" rather than "newly discovered evidence"), *aff'd,* 187 F.2d 109 (2d Cir.), *cert. denied,* 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627 (1951). Counsel's failure at trial to lay a proper foundation for evidence cannot give rise to relief under rule 60(b)(2).

### C. *Other Reasons*

The court cannot discern "any other reason," pursuant to rule 60(b)(6), to relieve plaintiff of the judgment. To be sure, trial counsel could have made a stronger presentation, but it is questionable, at best, whether Ilardi would have prevailed in any event. Moreover, the prejudice that would inure to Bechtel if a new trial were ordered cannot be cured by the simple expedient of awarding motion costs.

### D. *New Trial under Rule 59(a)*

■ The Second Circuit has listed various circumstances supporting a motion for a new trial: "that the jury has reached 'a seriously erroneous result' or that the verdict is a 'miscarriage of justice,' [citation omitted], *i.e.,* that the verdict is against the weight of the evidence, that the damages awarded were excessive, or that for stated reasons the trial was not fair to the moving party." *Mallis v. Bankers Trust Co.,* 717 F.2d 683, 691 (2d Cir.1983). Insofar as these criteria refer to jury error, they are irrelevant in this case of a directed verdict. Insofar as they do not refer to jury error, the reasons for denial of Ilardi's motion under rule 60(b) govern.[4]

### III. *Sanctions*

■ Although the court denies Ilardi's motion, it does not consider the motion so devoid of substance as to merit sanctions under rule 11 of the Federal Rules of Civil Procedure. Sanctions are appropriate where a pleading has been interposed for an improper purpose or where, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). *See also Erie Conduit Corp. v. Metropolitan Asphalt Paving Association,* 106 F.R.D. 451 (E.D. N.Y.1985).

■ The court finds that there was no improper purpose animating Ilardi's motion and that the motion was warranted by existing law, since experienced counsel would recognize that plaintiff received less than optimal representation at trial. Although the court has found that any defects in the presentation of Ilardi's case were insufficient to warrant relief from the judgment and a new trial, it was not improper for plaintiff to seek relief. Were the court to hold otherwise, almost any motion for a new trial would be susceptible to rule 11 sanctions, since such motions naturally raise the question why the movant did not secure a fair trial on the first opportunity. In sum, plaintiff's motion was well grounded, if not worthy of relief.

SO ORDERED.

---

**4.** For instance, plaintiff has offered no newly discovered evidence. *See generally Philip v. Mayer, Rothkopf Industries, Inc.,* 635 F.2d 1056, 1063 (2d Cir.1980) (no newly discovered evidence after non-jury trial, denial of rule 59 motion for new trial affirmed).