**PLACEWAY CONSTRUCTION CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 382–87C.**

United States Claims Court.

Feb. 9, 1990.

Vincent J. Zichello, New York City, for plaintiff.

Carolyn E. Galbreath, Washington, D.C., for defendant.

## OPINION

LYDON, Senior Judge:

This government contract case comes before the court on the motion of plaintiff Placeway Construction Corporation (Placeway) to reconsider and vacate the court's decision in *Placeway Construction Co. v. United States*, 18 Cl.Ct. 159 (1989), filed September 8, 1989. Plaintiff brings this motion, filed January 18, 1990, pursuant to Rules 59 and 60, and specifically on the grounds of newly discovered evidence set forth in Rule 60(b).[1]

Plaintiff seeks relief from the court's decision to grant defendant's motion to dismiss plaintiff's contract claims without prejudice. The court granted defendant's motion to dismiss plaintiff's claims on the ground that the court lacked jurisdiction to entertain any of plaintiff's claims, since they were not the subject of a final decision issued by a contracting officer (CO), and on the additional ground that, since two of plaintiff's claims were subject to the certification requirement of the Contract Disputes Act (CDA), the court lacked jurisdiction to entertain these claims since they were not properly certified.[2] Plaintiff's motion for reconsideration does not address the issue of the jurisdictional requirement

---

**1.** The court notes that plaintiff's motion for reconsideration of the judgment does not comport with the requirement of Rule 59 that such motions be filed within 10 days after entry of judgment. Therefore, the court will treat plaintiff's motion as properly filed pursuant to Rule 60 only, since plaintiff's motion is timely filed within the one-year time limit for filing a Rule 60(b) motion based on newly discovered evidence.

**2.** The certification requirement is found in the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 605(c)(1) (1982). The jurisdictional requirement that all claims by a contractor against the government be submitted to a CO for decision is found in section 605(a) of the CDA.

that the claims be the subject of a CO's final decision, although plaintiff acknowledges the certification requirement by informing the court that it has now certified all of its claims and has resubmitted them to the CO.

## BACKGROUND

In 1983, Placeway entered into a construction contract with the United States Coast Guard to build brick family housing units on Governor's Island, New York. After various modifications, the contract was substantially completed by plaintiff in December 1984, about six months after the scheduled completion date. In May 1986, Placeway submitted claims to the CO for the balance due under the contract, and for additional compensation to which plaintiff claims it is entitled. None of these claims was certified under the CDA. In September 1986, the CO denied all of plaintiff's claims. Plaintiff subsequently filed suit on these claims in this court on June 26, 1987.

The court issued its judgment dismissing plaintiff's claims for lack of jurisdiction on September 8, 1989. In its decision, the court condensed plaintiff's six counts in its complaint to three claims: a balance due claim of $297,226.12; an additional work claim of $287,047.89; and an extended overhead claim of $119,585.91. The court found the balance due claim to be a government claim, since the CO refused to pay plaintiff the balance due under the contract until all delay claims of certain other contractors against the government were submitted and evaluated. The CO apparently believed that the contract delays suffered by these other contractors were caused by plaintiff's delays in performing its contract. The court found that the government intended to set off amounts it owed plaintiff with amounts plaintiff was found to owe it. Therefore, the court found, and plaintiff does not deny, that the CO's decision denying plaintiff's claims was not a final decision under the CDA. The court explained that "[i]n the absence of a CO's final decision on the set-off amount, the court is without jurisdiction to entertain Count II [the balance due claim] of plaintiff's complaint." *Placeway Construction, supra,* 18 Cl.Ct. at 165.

Therefore, although the court held that Placeway's balance due claim was actually a government claim, and thus did not require certification, nevertheless the claim was not the subject of a CO's final decision, which effectively precluded the court from exercising jurisdiction over the claim. With regard to plaintiff's other two claims, the court found both the lack of certification and the lack of a final decision precluded the court from exercising jurisdiction over these claims.

## DISCUSSION

Plaintiff supports its motion for reconsideration under Rule 60(b) by submitting the affidavit of its attorney, Vincent J. Zichello, who contends that he has obtained newly discovered evidence "after great difficulty," and that he obtained this evidence a few days prior to January 16, 1990, the date of his affidavit. Plaintiff attached Exhibits A through E to the Zichello affidavit as proof of the "newly discovered" evidence.

Plaintiff's affidavit and exhibits pertain to the claims of Kokolakis, a contractor, against the government, including a claim for delays purportedly caused by plaintiff. Plaintiff now contends that the Kokolakis claim had already been submitted to, and decided by, the CO prior to the court's decision in this case. Plaintiff blames the CO for failing to bring this information to the attention of plaintiff and the court. This "newly discovered" evidence, plaintiff contends, shows that "everything this court believed was prerequisite had in fact already occurred." This statement reflects plaintiff's apparent misapprehension of portions of the court's opinion.

The court stated in its decision that all delay claims by contractors against the government must be resolved before plaintiff's claims can be resolved by the CO. Plaintiff admits, however, that it has in fact obtained information regarding the claim of only one contractor, Kokolakis. Nevertheless, plaintiff argues that "it is not for want of trying" that it has been

unable to obtain any documentation regarding the delay claim of another contractor-claimant, Velez. Plaintiff apparently believes that there are only two potential contractor-claimants, but gives no reason for this belief. Plaintiff argues, however, that this litigation should be resolved without waiting for the resolution of the Velez claim, since plaintiff has been told, apparently by the government, that the Velez contract is currently the subject of a criminal investigation. Plaintiff maintains that it would be "grossly unfair to hold up Placeway's contract balance, indefinitely."

The Zichello affidavit concludes by informing the court that plaintiff submitted all its claims to the CO, with CDA certification, on October 31, 1989, and has received no response as yet. Plaintiff also filed, on October 31, 1989, an appeal of the court's decision to the Court of Appeals for the Federal Circuit (docket no. 90–5017).

–A–

As an initial matter, the court must consider how to proceed on plaintiff's Rule 60(b) motion for reconsideration of the judgment, in view of the fact that this motion is preceded by plaintiff's timely filed appeal to the Federal Circuit, which is still pending. In this regard, the Claims Court has observed that "[a]s a general proposition, once final judgment is entered and a timely appeal has been filed, the trial court loses jurisdiction over the case except to act in aid of the appeal or to correct clerical errors.... Without jurisdiction, this court is without power to grant relief under Rule 60(b)." *Yachts America, Inc. v. United States*, 8 Cl.Ct. 278, 280 (1985); *aff'd*, 779 F.2d 656 (Fed.Cir.1985), *cert. denied sub nom. Wilson v. United States*, 479 U.S. 832, 107 S.Ct. 122, 93 L.Ed.2d 68 (1986) (citing *Ced's Inc. v. United States*, 745 F.2d 1092, 1095 (7th Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir.1984); *Main Line Fed. Savings & Loan Ass'n v. Tri-Kell, Inc.*, 721 F.2d 904, 906 (3d Cir.1983); 7 J. Moore, *Moore's Federal Practice* § 60.30[2], at 60–331 (1987)).

In *Yachts America*, the court found that there are generally two approaches among courts of appeal regarding the appropriate procedure for trial courts to follow in addressing Rule 60(b) motions during the pendency of an appeal. The first approach, which was rejected by the court, requires the trial court to secure remand of the case from the court of appeals regardless of whether the trial court intends to grant or deny the motion. The second approach, which was adopted by the court, requires remand only if the trial court intends to grant the Rule 60(b) motion. *Yachts America, supra*, 8 Cl.Ct. at 281.

This approach has been approved by the Supreme Court with regard to Rule 59 motions. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). Moreover, in *Standard Oil Co. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), the court held that a Rule 60(b) motion may be entertained by a district court, without leave by the appellate court, when the decision below has already been affirmed on appeal.

The courts of appeal have drawn on the strength of these cases to formulate the rule espoused by the Claims Court. For example, in *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni*, 601 F.2d 39, 41 (1st Cir.1979), the First Circuit drew an analogy from the *Standard Oil* rule in holding that a district court has "authority to consider and deny the [Rule 60(b)] motion without leave from the circuit court." *See also Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir.1984); *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir.1977); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930–32 (5th Cir.1976); *First Nat'l Bank v. Hirsch*, 535 F.2d 343, 345 (6th Cir.1976); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2873, at 265–66 (1973) (district court can deny Rule 60(b) motion without remand).

In addition, the Claims Court in *Yachts America* reasoned that a no-remand rule for denial of Rule 60(b) motions is permissible because the trial court is acting " 'in furtherance of the appeal,' " referring to

the general preposition cited above, that once an appeal is filed, the trial court loses jurisdiction over the case except to act in aid of the appeal.[3] *Yachts America, supra,* 8 Cl.Ct. at 281.

In view of the practical advantages provided by a rule that only requires remand if the trial court intends to grant the Rule 60(b) motion, and since this court is not inclined to grant plaintiff's Rule 60(b) motion in this case, the court will follow the *Yachts America* rule and proceed to consider the Rule 60(b) motion on its merits without seeking remand of the case from the court of appeals.

-B-

■ Plaintiff's evidence concerning the Kokolakis claim begins with Exhibit A, which consists of a 35-page letter, dated February 8, 1988, from the contractor Kokolakis to the CO, detailing the contractor's claims for increased costs of performance in completing its contract with the Coast Guard on the "Brick Village Family Housing Units" project. Plaintiff points out that Kokolakis' "delay in notice to proceed" claim is $86,977.80.

As Exhibit B, plaintiff submits a copy of "an analysis" of the Kokolakis claims, dated October 21, 1988 and titled "Brick Village Phase III," which contains a notation that "Kokolakis is entitled to some payment ... but 50% ... is questionable—recommend 25%." Plaintiff, however, contends that the $43,488 figure that appears opposite that notation is a "recommendation" to allow the amount for Kokolakis' "delay in notice to proceed" claim, although $43,488 is about fifty percent of $86,977, not twenty-five percent. Plaintiff does not indicate the source of this analysis sheet, nor the identity of the person who prepared it.

As Exhibit C, plaintiff submits a copy of a letter, dated May 25, 1989, from Kokolakis to the CO, which states that it confirms "our oral agreement to accept $791,000.00

in full settlement of any and all claims for the above project."

As Exhibit D, plaintiff submits a copy of Kokolakis contract modification number 33, signed and dated July 12, 1989 by John Kokolakis, President, and signed July 17, 1989 by the CO. The contract modification states that it "incorporate[s] a lump sum settlement of $791,000 for any and all contractor claims resulting from the Coast Guard delay in issuing the "Notice to Proceed.""

Plaintiff contends that this evidence, in the aggregate, shows that the "other contractors" had already submitted their claims to the CO no later than February 1988, over a year and a half before this court's decision. Contrary to plaintiff's apparent position, it is not the submission of a claim that is important under the circumstances but the determination of all related claims by the contracting officer. In addition, plaintiff fails to note that the evidence only describes the actions taken on the Kokolakis claim, which is only one contractor. As stated above, plaintiff makes no attempt to identify other potential contractor-claimants, except Velez, and plaintiff provides no information regarding the disposition of the Velez claim against the government for delay.

Plaintiff draws several conclusions from the evidence pertaining to the Kokolakis delay claim. First, plaintiff concludes that the evidence shows that the CO had already evaluated the Kokolakis delay claim by October 1988, almost a year before this court's decision. Although this may be true, plaintiff again disregards other potential delay claimants. Plaintiff also concludes that all of Kokolakis' claims, not just the delay claim, were settled by May 1989, some four months before the court's decision. Although this may also be true, the significance of this conclusion is not clear.

Finally, plaintiff observes that the "final formal paperwork [on the Kokolakis claim] had already been 'signed, sealed and deliv-

---

3. In this regard, the court notes that plaintiff's motion is entitled "Motion to Vacate Judgment." The court may not have jurisdiction to vacate its own judgment while the case is pending on appeal. *See Yachts America, supra,* 8 Cl.Ct. at 281.

ered' by July 1989," some two months before the court's decision. Plaintiff appears to argue that, if the CO had only disclosed this information to plaintiff or the court before the court's decision, a different result would have ensued.

Plaintiff fails to realize that none of this evidence has any impact on the court's decision. As the court emphasized, the CO's final decision on plaintiff's claims is a jurisdictional prerequisite to any decision by the court on the merits of plaintiff's claims. The court felt, however, that the CO should not render a final decision on plaintiff's balance due claim until the CO had resolved all the delay claims from other contractors. The court's decision in this regard would not have changed had it known in advance that the Kokolakis claim had been settled. The court's jurisdiction over plaintiff's claims is still dependent on a final decision on these claims by the CO.

The Claims Court has observed that a Rule 60(b) "motion for relief from judgment is one for extraordinary relief entrusted to the discretion of the Court ... which may be granted only in exceptional circumstances." *Sioux Tribe of Indians v. United States*, 14 Cl.Ct. 94, 101 (1987), *aff'd*, 862 F.2d 275 (Fed.Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989) (citations omitted). Plaintiff's Rule 60(b) motion is grounded specifically upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." RUSCC 60(b)(2). The Claims Court has interpreted this rule to mean that "[n]ewly discovered evidence is evidence of facts which existed at the time of decision and of which the aggrieved party was excusably ignorant.... To be excusably ignorant, of course, the party must have exercised due diligence in locating the evidence. And the evidence may not be merely cumulative; it must be such as would alter the outcome of the case." *Yachts America, supra*, 8 Cl.Ct. at 281.

As previously noted, the evidence presented by plaintiff as "newly discovered" would not alter the outcome of the court's decision to grant defendant's motion to dismiss. Even if this evidence were presented to the court before its decision, the court would still have lacked jurisdiction to consider any of plaintiff's claims since they were not the subject of the CO's final decision. Plaintiff does not dispute the court's finding that none of plaintiff's claims have been the subject of a CO's final decision.

■ Furthermore, it is questionable whether plaintiff has met the "due diligence" requirement of Rule 60(b). Plaintiff claims that it did not obtain evidence of the Kokolakis delay claim until January 1990. However, if, as plaintiff contends, the claim was submitted to the CO over a year before the court's decision, and the claim was settled four months before the court's decision, and the "final paperwork" was completed two months before the court's decision, why is it that plaintiff could not obtain any of this evidence before the court's decision, or at least within time to move for a new trial under Rule 59(b)? Plaintiff contends that it has been trying to obtain Kokolakis and Velez claim documents since 1986, without avail, until now. Yet plaintiff offers as evidence of its "due diligence" only one letter, from the law firm of its attorney, dated December 21, 1989, seeking such claim documents from defendant. As Rule 60(b) explicitly states, the evidence must be such as could not have been discovered by due diligence in time to move for a new trial under Rule 59(b). RUSCC 60(b). *See also Pierce v. United Mine Workers of America*, 770 F.2d 449 (6th Cir.1985), *cert. denied*, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986) (no relief from judgment where newly-discovered evidence could have been discovered and submitted in time to move for new trial); *Ilardi v. Bechtel Power Corp.*, 106 F.R.D. 567 (E.D.N.Y.1985) (same); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2859 (1973). The court is not persuaded on the basis of plaintiff's motion that plaintiff exercised due diligence under the circumstances.

490

-C-

Therefore, because the evidence plaintiff submits would not have altered the outcome of the court's decision, and because plaintiff has failed to show why, with due diligence, it could not have obtained the evidence, assuming arguendo the evidence is relevant and material, before the court's decision, or in time to move for a new trial under Rule 59(b), plaintiff's motion for reconsideration of the judgment is hereby DENIED.