986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dale KOHLER, Appellant,
v.
Lyman ANDERSON, Appellee.
 No. 92-3011.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 20, 1993.
Filed: January 28, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dale S. Kohler appeals the district court's[1] affirmance of the bankruptcy court's[2] refusal to reconsider its order regarding the use of cash collateral. We affirm.
 
 
 2
 Lyman Anderson filed a Chapter 11 petition in bankruptcy and named Kohler, among others, as a creditor. Anderson filed a Motion to Use Cash Collateral, which requested the court authorize him, as debtor-in-possession, to use federal government conservation reserve program payments (CRP payments) for farm operations. The motion named Clark County State Bank, Security Bank, and Dale Kohler as possible interested parties. A notice of the motion and bar date informed all creditors that resistances to the motion had to be filed within twenty days. Anderson's attorney filed an affidavit of mailing of the notice and bar date, which included Kohler's name and address. The banks resisted the motion; Kohler did not. On December 13, 1991, the bankruptcy court granted the motion and ordered Kohler to turn over to Anderson the 1991 CRP payment from Anderson's farm.
 
 
 3
 On January 14, 1992, Kohler filed an "Application for Reconsideration of Order Regarding Use of Cash Collateral," in which he denied receiving a copy of the notice of motion and bar date. Following a hearing, the bankruptcy court denied the application for reconsideration. The court noted that the certificate of service on the notice of the motion and bar date contained Kohler's name and proper address, and that two other parties on the certificate of service responded to the notice by resisting the motion. The court concluded that Kohler's denial of receipt of notice, without more, was not sufficient to rebut the presumption of receipt arising out of the affidavit of mailing filed by Anderson's counsel. The district court granted Kohler's request for interlocutory appeal and subsequently affirmed.
 
 
 4
 The bankruptcy court indicated that it considered Kohler's motion as a motion for relief from judgment due to mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60). Therefore, the motion was timely filed within one year of the court's order. Appeal from a decision on a motion for relief from judgment does not bring the original judgment up for review, and this court reviews the denial of a motion for relief from judgment for abuse of discretion. Sutherland v. ITT Continental Baking Co., 710 F.2d 473, 474-75 (8th Cir. 1983).
 
 
 5
 We conclude that the bankruptcy court did not abuse its discretion in denying Kohler's motion for reconsideration. "[T]here is a presumption that a letter transmitted by mail was received by the addressee." Id. at 475 (citing Arkansas Motor Coaches v. Commissioner, 198 F.2d 189, 191 (8th Cir. 1952). "While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts...." Arkansas Motor Coaches, 198 F.2d at 191. Kohler offered only a general denial of receipt of the notice. See In re American Properties, Inc., 30 B.R. 235, 238 (Bankr. D. Kan. 1983) ("Denial of receipt does not, as a matter of law, rebut the presumption, but rather creates a question of fact").
 
 
 6
 Kohler argues that the bankruptcy court should have considered the "factors" discussed in Sutherland, 710 F.2d at 475-476. In Sutherland, we summarized the district court's findings and concluded that the district court did not abuse its discretion in refusing to reinstate an action. We did not suggest that these findings, which Kohler characterizes as "factors," applied in all cases. See Sutherland, 710 F.2d at 475-476.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa