**PELICAN PRODUCTION CORPORA-TION, a Louisiana corporation; Brent Baker Oil & Gas, Inc.; and Harvey H. Holman, Plaintiffs–Appellants,**

v.

**John L. MARINO; C.W. Culpepper, an individual; Saturn Oil and Gas Company, Inc.; Wishbone Oil and Gas; Mar–Sher Exploration, Inc.; Mary Culpepper, an individual; Sherrye K. Harvey, an individual; Terri Lunday, an individual; Lisa L. Smith, an individual; Jeff S. Gray, an individual; Eddie Vossler, an individual; W.D. Hart, Sr., an individual; Jack Hart, an individual, Defendants–Appellees.**

**PELICAN PRODUCTION CORPORA-TION, a Louisiana corporation; Brent Baker Oil & Gas, Inc.; and Harvey H. Holman, Plaintiffs–Appellants,**

v.

**John L. MARINO; C.W. Culpepper, an individual; Saturn Oil and Gas Company, Inc.; Wishbone Oil and Gas; Mar–**

**Sher Exploration, Inc.; Mary Culpepper, an individual; Sherrye K. Harvey, an individual; Terri Lunday, an individual; Lisa L. Smith, an individual; Jeff S. Gray, an individual, Defendants–Appellees.**

Nos. 86–2157, 87–1855.

United States Court of Appeals,
Tenth Circuit.

Jan. 8, 1990.

Daniel J. Gamino of Daniel J. Gamino & Associates, Oklahoma City, Okl., for plaintiffs-appellants.

H.B. Watson, Jr. (Leslie M. Forbes, Sharon Taylor Thomas and Janis W. Preslar with him, on the brief) of Watson & McKenzie, Oklahoma City, Okl., for defendants-appellees.

Before HOLLOWAY, Chief Judge, HENLEY * and EBEL, Circuit Judges.

---

* The Honorable J. Smith Henley, Senior United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The Honorable Lee R. West, United States District Judge for the Western District of Oklahoma.

HENLEY, Senior Circuit Judge.

Two appeals stemming from a single case have been consolidated and submitted for our opinion. Appellant (plaintiff below), Pelican Production Corporation (Pelican), appeals the district court's denial of its Fed.R.Civ.P. 60(b) motion to relieve it of the judgment against it; in addition, Pelican appeals the district court's adoption of a United States magistrate's recommended award of attorney fees. We affirm.

On January 24, 1986 Pelican initiated this action by filing a complaint alleging certain antitrust violations pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15. Specifically, Pelican alleged that John L. Marino and other appellees (defendants below) had committed antitrust violations by producing gas from oil wells in the Oklahoma Red Fork Formation, from which Pelican claims ownership of exclusive rights to produce gas. On April 10, 1986 the United States District Court for the Western District of Oklahoma [1] entered a default judgment of dismissal against Pelican after it failed to respond to motions to dismiss and for summary judgment which had been filed by appellee Marino.

At a status conference held by the district court on May 5, 1986, an attorney who appeared on behalf of Pelican explained that Jack Wilkins, Pelican's lawyer in the suit which had recently been dismissed, had not responded to Marino's motion to dismiss because he was phasing out his law practice to start an oil company; this lawyer further indicated that Pelican had been unable to obtain new counsel.

On May 13, 1986 current counsel for Pelican filed a motion for relief from final judgment pursuant to Fed.R.Civ. 60(b)(1) & (6).[2] Pelican in its motion averred it had received no notice from Wilkins of the recently granted motion to dismiss, had no communication whatsoever from Wilkins

2. Rule 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."

on the matter, and that Pelican did not become aware of the default judgment until nearly a month after it was entered.

In opposition to Pelican's motion for relief from judgment, Marino contended that this case "is just one of a series of twelve prior actions brought by plaintiffs against defendants concerning the Bohanon Wells." The district judge found that two of these previous cases were dismissed and two were confessed, both by Pelican.

On June 30, 1986 the court denied Pelican's Rule 60(b) motion, finding that there was no showing of excusable neglect, mistake or inadvertence. The court stated that Rule 60(b) is "not a vehicle for an attorney's carelessness," citing *Sutherland v. ITT Continental Baking Co.,* 710 F.2d 473, 476–77 (8th Cir.1983). The court also questioned the merits of Pelican's claim, since it appeared the controversy involved "trespass or conversion rather than antitrust."

On September 29, 1986 the district court determined that Marino should have judgment for attorney fees pursuant to Fed.R. Civ.P. 11 [3] for vexatious and bad faith litigation. As a part of this order, the judge provided that if no agreement could be reached by the parties, the amount of the fees would be determined by a United States magistrate after an evidentiary hearing on the matter. No agreement was reached, and the matter was referred to the magistrate,[4] who on January 29, 1987 held an evidentiary hearing. After taking testimony from experts for both parties, with Marino's witness recommending a fee of $16,500.00 (against the request of Marino for $15,330.00), and Pelican's witness offering no discernible recommendation (against Pelican's suggestion of $4,500.00 to $5,500.00), and following reduction of the award for certain duplication the magistrate found in Marino's attorney's work effort, the magistrate ordered attorney fees in the amount of $11,498.00.

Pelican appealed the magistrate's order and argued to the district court that the award was inconsistent with the evidence in the record and the case law. Pelican asserted that the award should be reduced to $4,500.00 to $5,500.00. Though content with the magistrate's analysis, Pelican simply asserted that the award was excessive.

In its May 7, 1987 order, the district court noted that Pelican had failed to provide a record of the hearing before the magistrate. Nevertheless, the court reviewed the matter on the basis of its knowledge of the history of the underlying action, as well as the submissions of the parties.

In rejecting the attack of Pelican on the magistrate's order, the district court noted with approval the magistrate's analytical approach to attorney fee calculation. The court specifically held that the magistrate's findings "appropriately appraise the difficulty of the issues, the requisite specialized skills, and the circumstances under which the litigation was pursued."

The district court enhanced the magistrate's determination of fee by $752.50 to cover Pelican's challenge of the magistrate's determination. The court therefore approved a total fee in the matter of $12,-250.50. The $752.50 does not appear to be a part of the fee which Pelican now attacks on appeal.

*Rule 60(b) Motion.* Pelican contends that the district court erred when it refused to grant Pelican's motion to relieve it from judgment pursuant to Fed.R.Civ.P. 60(b)(1) and (6). Our task upon review is to determine only whether the district court abused its discretion in denying such relief. *See In re International Coating Applicators, Inc.,* 647 F.2d 121, 124 (10th Cir.1981); *Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d 136, 139 (10th Cir.1966).

---

**3.** Rule 11 provides, *inter alia,* that litigation which is deemed by the district court to be initiated for an "improper purpose, such as to harass" may result in a sanction for attorney fees against counsel or client involved in such litigation.

**4.** The Honorable Ronald L. Howland, United States Magistrate, Western District of Oklahoma.

■ An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical. *See United States v. Wright,* 826 F.2d 938, 943 (10th Cir.1987). Other evidence of such abuse would include manifestly unreasonable judgment, prejudice, bias or ill will which is ascertainable from the record. *See id.* A failure to offer any reason for denial of such a motion could also constitute an abuse of discretion. *See id.* The district court has substantial discretion in connection with a Rule 60(b) motion. *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.,* 837 F.2d 423, 426 (10th Cir.1988).

Default judgments, to be certain, are disfavored. *See Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970). "However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion." *Id.*

Although Pelican bases its appeal on the provisions of both Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and Rule 60(b)(6) (any other reason justifying relief), we need not rigidly compartmentalize our analysis upon review. *See In re Four Seasons Sec. Laws Litig.,* 502 F.2d 834, 841 (10th Cir.) (there is no need to pinpoint which clause of Rule 60(b) is the basis for the decision below where a timely motion is being reviewed), *cert. denied,* 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974). Instead, we look to the record in its entirety to see if the trial judge clearly ignored excusable conduct or failed to recognize some other compelling reason for relief to be granted. *See id.*

■ Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1). *Ben Sager Chems. Int'l, Inc. v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977). We know of no reason that the failure of Pelican's lawyer, Jack Wilkins, to answer the motion to dismiss would be excusable. Perhaps an excuse would be offered if we had his affidavit on his reason for not responding, but we do not. "Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney." 7 Moore's Federal Practice ¶ 60.22[2], at 60–184 (2d ed. 1987). Finally, although we do not decide the issue, were Pelican to demonstrate that it was wholly innocent in the matter of failing to respond to the motion to dismiss, we might still find this not to constitute excusable conduct under Rule 60(b). *Cf. Transport Pool Div. of Container Leasing, Inc. v. Joe Jones Trucking Co.,* 319 F.Supp. 1308, 1311 (N.D.Ga.1970) (dismissal resulting from counsel's inexcusable neglect does not amount to a dismissal for parties' excusable neglect).

The burden is upon the party moving to have the judgment set aside to plead and *prove* excusable neglect. *Greenwood Explorations,* 837 F.2d at 426. It being the obligation of Pelican to come forward with such proof—and given the fact we find no such proof in the record—we find no abuse of discretion from this perspective.

■ Moreover, the district court specifically found, citing *Sutherland,* 710 F.2d at 476–77, that attorney carelessness could not amount to excusable conduct under Rule 60(b). The trial court is in the better position to evaluate factual matters. *See Mid–West Underground Storage, Inc. v. Porter,* 717 F.2d 493, 502 (10th Cir.1983). Although *Sutherland* may be somewhat more restrictive than the law in this circuit, it is clear from the record that the district court found there was no excusable conduct in *this* particular case. In doing so, it was well within its discretion in denying relief.

Appellant puts great emphasis on the "communications gap" between it and its former counsel. *See In re Roach,* 660 F.2d 1316, 1318 (9th Cir.1981). Although a gap may have existed, we find this argument unpersuasive and without certain substantiation. The failure of Pelican to produce any affidavit from its former attorney, either voluntarily given or compelled by subpoena, as to the attorney's explanation for the failure to answer the motion to dismiss, cannot be ignored. *See Gomes v.*

*Williams,* 420 F.2d at 1366. It is essential that appellant show good cause for the default before it will be set aside. *Id.* We believe a most obvious void exists where a party claims that its counsel's activities were not its own, but fails to demonstrate to the court any effort to produce explanation from its former counsel for his conduct.

Having concluded that no abuse of discretion occurred when the trial court denied relief on the basis of a lack of mistake, inadvertence, surprise or excusable neglect, Rule 60(b)(1), we turn to review the question whether any abuse of discretion occurred as a result of the denial for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6).

Rule 60(b)(6) has been referred to as a " 'grand reservoir of equitable power to do justice in a particular case.' " *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (quoting *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). A court will only award Rule 60(b)(6) relief in extraordinary cases. *See Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Klein v. United States,* 880 F.2d 250, 259 (10th Cir.1989). We find nothing about this case so unusual or compelling that we need reverse the district court on its determination that no relief is warranted under this portion of Rule 60(b).

Here we do not have a case involving an uneducated appellant, unaccustomed to litigation. *Compare United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup,* 583 F.2d 942, 947 (7th Cir.1978) (per curiam) (upholding denial of relief where drug manufacturer was not an indigent, unsophisticated party without legal counsel) *with Transport Pool Div. of Container Leasing,* 319 F.Supp. at 1312 (granting relief where appellant was an uneducated layman, who could not read, and had diffi-

culty understanding the legal proceedings involved even after patient explanation). Moreover, here the case was disposed of *with* notice to counsel and *with* legal authority. *Cf. Fleming v. Gulf Oil Corp.,* 547 F.2d 908, 913 (10th Cir.1977) (relief granted where no notice of motion to dismiss given to appellant or his counsel and no legal authority stated for denial of Rule 60(b) motion).

There is simply nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court. Moreover, we find nothing unfair about requiring a party to be bound by the actions of his attorney-agent. *Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Pelican had in-house legal staff who were at least on constructive notice, since they had initiated a lawsuit, that timeliness would be an element in a successful resolution to this particular legal dispute. Nevertheless, default occurred, and incomplete explanation has been offered for the default.

█ In cases like the one at bar, the reviewing court is often called upon to review "judgment calls" made by the district court, based on its own view of facts in that particular case. Each case is different, and must be so treated. There are very few right and wrong answers in this arena. Our task, however, is made more manageable by the fact that we only look to see if definite, clear or unmistakable error occurred below. Many times we may find something less than this including uncertainty as to the rightness of the district court's action, or perhaps outright disagreement with the court's action. However, only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong do we reverse. Here we simply cannot say that a failure to provide relief constitutes an abuse of discretion.[5]

---

5. While we have approved a finding that there was no excusable neglect or other reason justifying relief, we observe that generally one seeking

to set aside a default must show merit in his case. *See In re Stone,* 588 F.2d 1316, 1319 (10th Cir.1978). Were we to find excusable neglect or

■ *Attorney fees.* Pelican contends that the district court erred in adopting the recommendation of the magistrate as to the amount of attorney fees. The essential inquiry in setting attorney fees is reasonableness. *Cooper v. Singer,* 719 F.2d 1496, 1499 (10th Cir.1983). The district court, it should be remembered, is in a better position than the court of appeals to determine the attorney's work product and the value of same. *Starrett v. Wadley,* 876 F.2d 808, 825 (10th Cir.1989).

Our standard of review for the award of attorney fees by the district court is abuse of discretion. *Supre v. Ricketts,* 792 F.2d 958, 961 (10th Cir.1986). An abuse of discretion will be found only if the factual findings of the trial judge are clearly erroneous. *Id.* A finding of fact is clearly erroneous when, even though it has evidence to support it, a reviewing court after considering all the evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948).

We note that Pelican failed to provide the district court with a transcript of the evidentiary hearing before the magistrate. We only consider materials actually before the district court. *See Rebuck v. Vogel,* 713 F.2d 484, 486 (8th Cir.1983). Thus, our review is limited by the district court's order adopting the magistrate's fee determination.

The district court referred the matter of the amount of attorney fees to the United States magistrate. From the district court's order adopting the recommendation of the magistrate it is evident that the magistrate considered a number of relevant factors in making his determination. Included among these factors were prevailing billing rates multiplied by hours reasonably expended. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The magistrate then considered whether any enhancement or reduction was warranted. *See Cooper,* 719 F.2d at 1501.

The magistrate also clearly considered, and the district court affirmed, consideration of a number of other factors which were recognized as relevant to the inquiry in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). The district court in its order also considered the fact that the attorney fees in this case were awarded pursuant to a sanction under Fed.R.Civ.P. 11.

Testimony was received from experts for both parties on the issue of attorney fees. In fact, the magistrate actually reduced the amount of the award based on its consideration of all the relevant factors. Finding some duplication of effort, he therefore reduced the award commensurately. *See Ramos v. Lamm,* 713 F.2d 546, 554 (10th Cir.1983). Although this adjustment was clearly made by the magistrate to reflect the duplication he found, Pelican maintains, in what we believe is mechanical fashion, that the award must be further reduced. Appellants in fact seem to ignore the fact that a reduction has already occurred as a result of the duplication found by the magistrate. Following the logic of Pelican's brief, this court would be obligated to find an abuse of discretion wherever duplication was found. Appellants, in other words, give no credit for the reduction already applied, but argue that since duplication was found reduction is essential. But reduction has occurred, it was reasonable, and that is the end of the matter.

In sum, we find the district court's determination on this matter carefully considered, reasonable, and supported by the record. As such, no abuse of discretion occurred and the award of attorney fees is appropriate.

For the reasons set out above, we affirm the district court on the denial of the Rule 60(b) motion as well as its determination of the proper amount of attorney fees.

Affirmed.

---

other reason for relief, we might then need to consider the view of the district court that the

Pelican complaint was of questionable merit as an antitrust action.