951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale ROBERTSON, Plaintiff-Appellant,
v.
GRANITE SCHOOL DISTRICT, Tom Larsen, Richard Haacke, William
Christopulos, Lorin Burton, Defendants-Appellees.
 No. 90-4164.
 United States Court of Appeals, Tenth Circuit.
 Jan. 7, 1992.
 
 Before HOLLOWAY, SETH and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Dale Robertson, a black male, worked as a teacher and assistant coach for Defendant-appellee Granite School District from 1982 until he was discharged in 1988. He brought civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983, 1988, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and various Utah state provisions, alleging that the District and the named defendant school officials engaged in a pattern and practice of racial discrimination which culminated in his wrongful termination. The district court, adopting a magistrate's report and recommendation, granted summary judgment in favor of Defendants. Plaintiff contends that the district court erred in holding (1) that the District was an arm or agency of the state and thereby immune under eleventh amendment from all claims except the Title VII claim and (2) that no material issue of fact existed on the Title VII claim. We affirm.
 
 
 2
 Defendants' summary judgment motion contained documentary evidence supporting legitimate reasons for the treatment of Plaintiff. For instance, Defendants produced numerous letters documenting their contention that Plaintiff was denied coaching positions because of unsatisfactory job performance and poor relations with other employees and that he ultimately was terminated for falsifying medical records. I R. doc. 42, exhibits A to I. Plaintiff produced no evidence tending to refute Defendants' documentary evidence. Upon reviewing Defendants' evidence and noting the lack of response from Plaintiff, the presiding magistrate determined that no material issue of fact existed as to the legitimate reasons for Defendants' challenged actions, and the district court, over Plaintiff's objection, adopted the magistrate report and recommendation in total.
 
 
 3
 We review the summary judgment determination de novo, and apply the same standard as the district court. Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence in a light most favorable to the nonmovant; however, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The movant need only point to those portions of the record which demonstrate an absence of a genuine issue of material fact given the relevant substantive law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If a movant establishes its entitlement to judgment as a matter of law given uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie. See Anderson, 477 U.S. at 251.
 
 
 4
 A plaintiff in a Title VII case must first establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).[1] Once the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to produce evidence of legitimate nondiscriminatory reasons for the challenged action. Id. If the defendant is able to meet this burden, the plaintiff in order to prevail must prove that the defendant's justifications are merely pretextual. Id. The ultimate burden of persuasion as to discriminatory intent, however, remains at all times with the plaintiff. Burdine, 450 U.S. at 253. The burden to prove pretext merges with the ultimate burden of proving discriminatory intent. Id. at 256. Thus, even if a plaintiff is able to prove a prima facie case, his case will not survive a motion for summary judgment under the standard set forth in Celotex and Liberty Lobby if he is unable to produce evidence tending to controvert defendant's proffered legitimate reasons as pretext. See Carey v. United States Postal Service, 812 F.2d 621, 626 (10th Cir.1987).
 
 
 5
 It is unnecessary to determine whether Plaintiff established a prima facie case because our disposition of this case turns on his failure to adduce summary judgment evidence tending to prove pretext. Upon de novo review of the record, we are convinced that the district court was correct in concluding that Defendants' had offered evidence of legitimate reasons for their treatment of Plaintiff. Given Plaintiff's failure to produce evidence of any discriminatory intent, i.e. a showing of pretext, we conclude that no material issue of fact remains and that Defendants are entitled to judgment as a matter of law.
 
 
 6
 Plaintiff produced an affidavit in which he claimed that certain of the individual defendants made racial slurs. For instance, one defendant allegedly labelled him as an "uppity nigger," and another allegedly told him that "this community is not ready for a black head coach." I R. doc. 63 at 7, 3. Racially biased comments such as these can be evidence of pretext; however, Plaintiff did not place the affidavit in the record until he moved for reconsideration pursuant to Fed.R.Civ.P. 60(b)(1) after the summary judgment was granted, and he made no attempt to justify the delay pursuant to Rule 60(b)(1)'s provisions for mistake or inadvertence. He merely stated that his attorney neglected to produce evidence in opposition to the summary judgment motion.
 
 
 7
 We review the district court's denial of Plaintiff's Rule 60(b) motion for an abuse of discretion. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990). And we find no abuse in this case because mere "[c]arelessness by a litigant or his counsel does not afford a basis for relief under [the Rule]." Id. at 1146. " 'Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney.' " Id. (quoting 7 Moore's Federal Practice p 60.22, at 60-184 (2d ed.1987)). Plaintiff has failed to demonstrate that Rule 60(b) relief is warranted.[2]
 
 
 8
 Turning to Plaintiff's claims under 42 U.S.C. § 1981, 1983, 1988, and Utah state law, each one hinges on his claims of racially discriminatory conduct on the part of Defendants. Because Plaintiff has failed in his burden to produce evidence of discriminatory intent, we find no material issue of fact on these claims as well, and Defendants are entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 56(c). In any event, we note that Plaintiff's § 1981 claim would be dismissed even if he were able to produce evidence of intentional discrimination. See Trujillo, 928 F.2d at 975 ("actions relating to the terms and conditions of an employment contract, such as racial harassment, are not cognizable under [§ 1981]") (citing Patterson v. Mclean Credit Union, 491 U.S. 164 (1989)). Therefore, it is not necessary to consider Plaintiff's Eleventh Amendment immunity arguments.
 
 
 9
 AFFIRMED.
 
 
 10
 FN* This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.
 
 
 
 [1]
 To establish a prima facie case of discriminatory discharge, a plaintiff must demonstrate by a preponderance of the evidence that (1) he belongs to a protected class or minority group, (2) he was qualified for his job, (3) he was terminated despite his qualifications and (4) after the termination, the job remained open and the employer sought applicants whose qualifications were no better than his. See Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 976-77 (10th Cir.1991) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981))
 
 
 [2]
 In his brief, Plaintiff argued for some type of quasiconstitutional relief based on ineffectiveness of counsel below. At oral argument, however, he conceded the argument as meritless