**Colleen NUTTER, Plaintiff,**

v.

**Dr. Jon WEFALD, President of Kansas State University; Kansas State University, and its representatives; Lou Ann Smith, n/k/a Lou Ann Clintsman Thoms; and Judith E. Banks, Defendants.**

No. 90–1436–SAC.

United States District Court, D. Kansas.

Oct. 11, 1995.

**610**

Colleen M. Nutter, Kirkland, WA, pro se.

Dorothy L. Thompson, Kansas State University, Manhattan, KS, for Jon Wefald.

Jennifer J. Kassebaum, Kansas State University, Legal Department, Manhatten, KS, for Kansas State University.

David D. Plinsky, Office of the City Attorney, Topeka, KS, John J. Knoll, Office of the Attorney General, Topeka, KS, for Lou Ann Smith.

Stephen K. Lester, Office of United States Attorney, Wichita, KS, for United States of America, Judith E. Banks.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiff's motion for relief pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. The defendants, Dr. Jon Wefald and Kansas State University, have filed a response in opposition. The court will not lay out the facts or procedural background, for both are fully stated in the court's published opinion of *Nutter v. Wefald*, 885 F.Supp. 1445 (D.Kan.1995). Suffice it to say, this is not Ms. Nutter's first request for Rule 60 relief.

 Relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir.1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co. Inc.*, 909 F.2d 1437, 1440 (10th Cir.1990). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds."[1] *Van Skiver v. United States*, 952

---

1. The exceptional circumstances enumerated in Rule 60(b) are:

 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

 prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure of

F.2d 1241, 1243–44 (10th Cir.1991), *cert. denied,* — U.S. —, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered. *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir.1979). It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings. *Van Skiver v. United States,* 952 F.2d at 1243.

■ A rule 60(b) motion triggers consideration of the established policy in favor of final judgments. *See Lee v. Village of River Forest,* 936 F.2d 976, 978 (7th Cir.1991) ("strong policy favoring the finality of judgments"). Rule 60(b) " 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of *all* the facts." ' " *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981) (quoting in turn *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970))). The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1145–46 (10th Cir.1990). The court abuses its discretion when its actions are arbitrary, capricious, whimsical, without reason, or biased. *Id.*

■ In her current motion, Ms. Nutter argues she has newly discovered evidence which entitles her to relief under Rule 60(b)(2). Ms. Nutter presents what appears to be a letter from her cardiologist, Dr. Robert E. Haynes, dated March 10, 1995, and addressed "To Whom It May Concern." The letter states:

Before Colleen Nutter matricupated (sic) at Kansas State University, Department of Horticulture in 1984, I had a conversation with Dr. Mattson, who was concerned about her learning disability related to her palpitations, panic disorder and mitral valve prolapse condition. The patient ran into difficulties trying to take tests on a usual basis after she had successfully completed several non-timed examinations and papers, and had done quite well in her course work until that time. She finally was forced to leave prior to finishing her studies, and is now unable to obtain employment because of her bad credit record regarding the unpaid guaranteed student loan obligations of some few thousand dollars. Ms. Nutter's condition was clearly laid out in my letters of 1986 (1/6, 6/2, 10/10). In my telephone conversation with Dr. Richard Mattson, he indicated that he would make accommodations for her disabilities while she was a student there. It was only when these accommodations were not made by some of the professors that she was unable to finish her studies. I believe there has been a definite breach of trust, if not actual deceit which has led to the financial ruin of Colleen Nutter.

Ms. Nutter argues that the letter evidences that Professor Mattson "fraudulently concealed the classification of 'SPECIAL STUDENT' from the Plaintiff for 10 years." (Dk. 89 at 1). Ms. Nutter also submits the definitions of "special student" that she says were found in a "General Catalog" from Kansas State University and in a policy from some other university. She also submits her own affidavit in which she avers recent discovery of Dr. Haynes' conversation with Professor Mattson.

The court must admit difficulty in understanding the gist of the Ms. Nutter's argument. Dr. Haynes' letter says nothing about a "special student" classification. Dr. Haynes does not write that he discussed such a classification with Professor Mattson, nor does he write that he understood Ms. Nutter was going to receive this classification. In short, Dr. Haynes' letter does not show that Professor Mattson classified Ms. Nutter as a "special student." More importantly, the let-

---

obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

ter gives the court no basis for finding that Ms. Nutter first learned of any such classification after her recent conversation with Dr. Haynes. At most, the letter simply establishes that Dr. Haynes explained Ms. Nutter's medical condition and need for accommodations to Professor Mattson.

To satisfy the requirements for relief under Rule 60(b)(2), the plaintiff must demonstrate " '(1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [was] material; and (5) that a new trial, with the newly discovered evidence[, will] probably produce a different result.' " *Joseph v. Terminix Intern. Co.*, 17 F.3d 1282, 1285 (10th Cir.1994) (quoting *Graham v. Wyeth Labs.*, 906 F.2d 1399, 1416 (10th Cir.), *cert. denied*, 498 U.S. 981, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990)).

Evidence that Dr. Haynes notified staff at Kansas State University of Ms. Nutter's heart condition and need for testing accommodations is not new to this case. Prior to the court's summary judgment ruling, the court had reviewed Dr. Haynes' letters written in 1986. (Dk. 48). These letters were not material to the court's summary judgment ruling and, thus, are not now a material basis for any Rule 60(b) relief. In particular, this evidence has no relevance in deciding whether the claims pleaded by Ms. Nutter were barred under the different statutes of limitations.

Even assuming that Ms. Nutter recently learned for the first time of a "special student" classification, she is not entitled to relief under Rule 60(b)(2). Prior to the summary judgment ruling, Ms. Nutter had never pleaded any claim based on a "special student" classification. Ms. Nutter does not demonstrate that she was diligent in learning about any supposed classification. Evidence of a classification is plainly not material to

any claims that were decided by the court. Nor does the court appreciate how this fact is material to any claims Ms. Nutter could now bring against the defendants in federal court. Consequently, the plaintiff has not shown she is entitled to relief under Rule 60(b)(2).[2]

IT IS THEREFORE ORDERED that the plaintiff's motion for Rule 60(b)(2) relief is denied.

2. Ms. Nutter's motion rehashes many of the arguments which the court has addressed numerous times in prior orders. *See Continental Casualty Co. v. American Fidelity & Cas. Co.*, 190 F.Supp. 236, 237 (S.D.Ill.1959) ("Argument and reargument of legal question by motions repetitively presented to the trial court can serve no

purpose other than to burden the judicial process with a load which neither the court nor the parties should bear.") Ms. Nutter offers the court no cause or reason for revisiting those issues. The prior rulings remain the law of the case.