Sarah R. **FARR** and Marion Renner **Farr**, Plaintiffs,

v.

**INTERNATIONAL FINANCIAL AND TRADING NETWORK, a California corporation, and Peter Lederer, Defendants.**

No. 96–4043–DES.

United States District Court, D. Kansas.

Sept. 4, 1997.

M. Jill Dykes, Topeka, KS, Thomas D. Birge, Cathryn B. Mayers, Denver, CO, for Plaintiffs.

Michael E. Francis, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for Defendants.

## *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on defendant International Financial and Trading Network's ("IFTN's") Motion to Set Aside Default Judgment (Doc. 25) pursuant to Fed. R.Civ.P. 60(b). Defendant requests that the court vacate its grant of default judgment to plaintiffs. For the reasons set forth below, defendant's motion is denied.

### I. BACKGROUND

Plaintiff Sally Farr is a sixty-three year old farmer residing in Goodland, Kansas. Plaintiff Marion Renner Farr is her daughter. In 1995 defendant Peter Lederer, an employee of IFTN, convinced Sally Farr by telephone to wire $45,250 to the IFTN's bank account in San Francisco, California to establish an account for trading foreign currencies.

As part of the transaction with IFTN, plaintiffs executed a Discretionary Account Holder Declaration giving IFTN and Mr. Lederer the power to exercise complete authority over trading the account's assets. Plaintiffs also executed a Risk Disclosure Statement indicating they understood the risk of loss in trading foreign currencies. Within a period of approximately three months, plaintiffs' account was depleted of funds, allegedly lost through trades in the foreign currency market. The facts are not clear as to plaintiffs' allegations that Mr. Lederer misrepresented the nature of the account, the nature of the agreements to

open the account, and the nature of the activity with which the plaintiffs' funds would be involved.

IFTN is a securities broker based in South San Francisco, California. It has done business at the same address, 91 Westborough Boulevard, South San Francisco, California, at all times relevant to this action. IFTN represents itself as a currency trading specialist with sizable assets. According to its December 31, 1995, balance sheet, IFTN had assets of $187,368,000. IFTN has offices around the world with bank accounts in locations such as Switzerland, Hong Kong and Shanghai.

On March 1, 1996, plaintiffs' counsel sent a demand letter, by certified mail, to IFTN. The letter was addressed to IFTN at 91 Westborough Boulevard, South San Francisco, California. The letter was never returned and no response was ever received. Plaintiffs filed this action on March 14, 1996. At 11:40 a.m. on March 26, 1996, the Summons and Complaint in this action were served on Michael Korovsky, a manager of IFTN, at the same address as counsel's demand letter, 91 Westborough Boulevard South San Francisco, California.

Defendant did not respond to the Summons and the Clerk for the United States District Court for the District of Kansas ("Clerk") entered IFTN's default on May 2, 1996. On May 14, 1996, the court entered Default Judgment against the defendants and directed that the Clerk mail a copy of the court's Order by certified mail to the defendants. The Clerk mailed a copy of the Order for Entry of Default Judgment to IFTN at 91 Westborough Boulevard South San Francisco, California. This is the same address where the demand letter was sent and where the summons was served. On May 14, 1996, the Clerk mailed a Notice to IFTN of a hearing to determine attorneys fees before this court. This notice was likewise mailed to IFTN at 91 Westborough Boulevard, South San Francisco, California 94080. The defendants failed to respond to this Notice and the court entered Final Judgment against the defendant on June 6, 1996, in the amount of $56,534.44.

Plaintiffs registered the judgment in the United States District Court for the Northern District of California. As part of this process an Order for Final Judgment and Certification of Judgment for Registration in Another District were served by mail on IFTN. That notice was mailed to IFTN at 91 Westborough Boulevard, South San Francisco, California 94080. No response was received from the defendant.

On July 11, 1996, plaintiffs' counsel served the following documents on defendant IFTN: (1) Affidavit and Request for Issuance of Writ of Execution; and (2) Proposed Writ of Execution. These documents were served by mail to IFTN at 91 Westborough Boulevard, South San Francisco, California 94080. Sometime after July 17, 1996, plaintiffs' counsel received a letter from IFTN. The letter indicated that IFTN had apparently received some of the documents discussed above, referred to the case number of the case filed in the United States District Court for the Northern District of California, and provided a new address for co-defendant Peter Lederer.

On July 18, 1996, the following documents were served on IFTN: (1) Notice of Levy; (2) Letter of Instruction; (3) Memorandum of Garnishee; and (4) Writ of Execution. These documents were served by mailing to IFTN at 91 Westborough Boulevard, South San Francisco, California 94080. These documents were served by a registered process server and showed a judgment had been entered against IFTN. No response was received from IFTN and the documents were not returned by the postal service.

On October 24, 1996, the following documents were again served on IFTN: (1) Notice of Levy; (2) Letter of Instruction; (3) Memorandum of Garnishee; and (4) Writ of Execution. Service was made by mail by a registered process server. The address used was 91 Westborough Boulevard, South San Francisco, California 94080. These documents clearly showed a judgment had been entered against IFTN. Again no response was received from IFTN and the documents were not returned by the postal service.

The Notice of Levy served on Citibank reached the bank at a time that it held funds

in an IFTN account. Citibank held sufficient funds to satisfy the entire judgment. Once its funds were frozen, IFTN responded. IFTN filed an ex parte application in the case which plaintiffs filed to register their judgment in California. IFTN sought a Temporary Restraining Order against the United States Marshal Service, Citibank, and plaintiffs to prevent the collection process from proceeding further. The District Court for the Northern District of California denied the IFTN's request and Citibank has paid the funds to plaintiffs.

## II. DISCUSSION

■ Relief under Fed.R.Civ.P. 60(b) is extraordinary in nature and may be granted only in exceptional circumstances. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996). Rule 60(b)(1) provides that a court may relieve a party of final judgment for mistake, inadvertence, surprise or excusable neglect. Fed.R.Civ.P. 60(b)(1). The movant has the burden of pleading and proving the mistake or excusable neglect. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990). Additionally, a party seeking to set aside a default judgment must also demonstrate: (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment. *See, e.g., U.S. v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993). A motion to vacate judgment under Fed.R.Civ.P. 60(b) is left to the discretion of the trial court. *Greenwood Explorations, Ltd. v. Merit Gas and Oil Corp.*, 837 F.2d 423, 426 (10th Cir.1988) (citing *Thompson v. Kerr–McGee Refining Corp.*, 660 F.2d 1380, 1385 (10th Cir.1981)).

■ IFTN argues that its failure to answer or otherwise respond to the plaintiffs' lawsuit was the result of excusable neglect. According to IFTN, the summons and complaint were forwarded to IFTN's president, David Martin, who, at the time, was dying from cancer. Another copy was given to IFTN's vice-president, Boris Goldstein, who, believing Mr. Martin would arrange the proper response, concerned himself with oth-

er matters, particularly with negotiating the sale of IFTN. Subsequently, Mr. Martin died and Mr. Goldstein completed the sale of IFTN. Such circumstance, IFTN contends, demonstrate excusable neglect.

■ The court disagrees that IFTN has established excusable neglect. Even if IFTN's factual averments are taken as true, IFTN has, at best, demonstrated its own carelessness. However, carelessness by a litigant or his counsel does not afford a basis for relief under Fed.R.Civ.P. *60(b)*. *See Pelican*, 893 F.2d at 1146; *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1446 (10th Cir.1983). Furthermore, IFTN's argument does not account for the fact that it failed to respond to plaintiffs' attempts at communication following service of the summons and complaint. Nor does IFTN's argument account for its failure to respond to a subsequent notice, order and judgment from this court, multiple pleadings, and notices and writs issued by the United States District Court for the Northern District of California.

Because IFTN has failed to show excusable neglect under Fed.R.Civ.P. 60(b) for vacating the court's default judgment in this case, the court will not address whether IFTN could present meritorious defenses to the plaintiffs' complaint, the culpability of IFTN's conduct, or whether plaintiffs would be prejudiced by setting aside the default judgment.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant International Financial and Trading Network's Motion to Set Aside Default Judgment (Doc. 25) pursuant to Fed.R.Civ.P. 60(b) is denied.