**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREA J. FELTS,

        Plaintiff - Appellee,

v.

ACCREDITED COLLECTION
AGENCY, INC., dba ACA Recovery,
Inc.; NORMAN G. KALINA,

        Defendants - Appellants.

No. 10-2124
(D.C. No. 1:08-CV-00755-WJ-WDS)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

The issue in this appeal is whether the district court abused its discretion by

denying the Fed. R. Civ. P. 60(b)(1) motion filed by the defendants-appellants

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Accredited Collection Agency, Inc., dba ACA Recovery, Inc. ("ACA") and Norman G. Kalina (hereinafter, collectively, "appellants"), to set aside the default judgment against them in this case. The ground asserted for relief is excusable neglect.[1] Appellants' Br. in Chief, "Statement of Issues," at ii. The district court rejected that argument, stating, that the "defendants' actions amount[ed] to neglect, but definitely not to excusable neglect," and that the "Defendants were culpable for the default judgment being entered." Memo Op. and Order at 8. We agree and affirm.

## BACKGROUND

The procedural facts in this case are not disputed and are fully set out in the district court's opinion. We summarize them as follows. On August 15, 2008, the plaintiff, Andrea J. Felts, a New Mexico resident, filed an action against ACA, a debt collection agency located in New Jersey, alleging that the agency's practices in attempting to collect a debt it alleged she owed, violated the Fair

---

[1]Rule 60(b)(1) states:
**Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
      (1)    mistake, inadvertence, surprise, or excusable neglect;

At various points in their brief, appellants invoke mistake and the catchall provision of Rule 60(b)(6) ("any other reason that justifies relief"), but they do not develop supported arguments with respect to them.

Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"),[2] and New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1, *et seq.* The complaint was properly served on ACA on October 14, 2008. No answer or responsive pleading was filed.

On December 5, 2008, Ms. Felts filed an amended complaint adding Norman G. Kalina as a party after he sent a collection letter to her regarding the alleged debt, again threatening imminent suit. Mr. Kalina is a New Jersey attorney whose office is at the same street address and suite number as ACA. Both ACA and Mr. Kalina were properly served with the amended complaint on February 12 and February 15, 2009, respectively. No answer or responsive pleading was filed by either appellant.

Thereafter, on April 10, 2009, Ms. Felts filed a motion for entry of default. The motion was accompanied by an affidavit and a praecipe. These documents were served on the appellants by certified mail. The clerk duly entered defaults as to both appellants on May 18, 2009. On July 21, 2009, Ms. Felts moved for an evidentiary hearing on the defaults and as to damages, and on July 23, 2009, counsel for Ms. Felts filed a brief on damages, together with exhibits. The brief and exhibits were sent to the appellants by certified mail on the same day. Mr. Kalina acknowledges that he personally received the pleadings listed above, except he is silent as to the damages brief.

---

[2]ACA threatened suit when it had no legal capacity in New Mexico to sue.

On July 30, 2009, the district court held a hearing at which it received evidence on both liability and damages. At the conclusion of the hearing, the court entered judgment against the defendants in the total amount of $35,264,81. That amount represents the trebling, pursuant to the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1, *et seq.*, of the damages amount of $10,000, plus a statutory damage award of $1,000 under the FDCPA, and costs and attorney fees in the amount of $4,264.81.

The district court found, and the record shows, that in August 2009, following the entry of judgment against them, the appellants were advised by one of their lawyers to retain counsel in New Mexico. The record shows a further communication with the appellants in August, dealing with the case. Those communications were received by the appellants within the period during which they could have filed a timely appeal from the judgment, but no appeal was filed. Rather, the defendants waited for almost another six months before filing the instant motion for relief under Fed. R. Civ. P. 60(b)(1). They offer no substantive reason for the delay.

The only excuse advanced by the defendants for their inaction in this case is that they thought their New Jersey counsel, Michael Breslin, was representing their interests in the matter because he had done work for them in the past, and they had faxed a copy of the complaint and amended complaint to him in 2008. Appellant's Br. in Chief at 4, 10, 23-24. On the record before us, the appellants'

fax of the pleadings to Mr. Breslin in 2008 approximates the proverbial "shot an arrow into the air." The pleadings were not sent under any protocol which would give assurance that Mr. Breslin had undertaken representation. No acknowledgment was sent, and the appellants received no copies or record of any responses. The fact is that Mr. Breslin did not undertake the representation of the appellants at all. They now concede that they were mistaken when they assumed that he was going to represent them. Id. at 4, ¶ 7.

The appellants' indifference becomes even more noteworthy in view of the fact that they did nothing after receiving Ms. Felts' motion for entry of default, praecipe, affidavit, hearing notice and brief on damages, and nothing after receiving communications in August 2009, immediately following the entry of the judgment against them. They attempt to explain this indifference by stating, in effect, that they did not want to bother Mr. Breslin. Reply Br. in Support of Mot. to Set Aside, Doc. 22 at 8-9.

**DISCUSSION**

We review the district court's denial of a Rule 60(b)(1) motion for abuse of discretion. See Thomas v. Parker, 609 F.3d 1114, 1119 (10th Cir. 2010). "The district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred." Id. (brackets and internal quotations omitted). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional

circumstances. Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990). "Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney." Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) (quoting 7 Moore's Federal Practice ¶ 60.22[2], at 60-184 (2d ed. 1987).

As the district court stated:

> [T]here has been no excusable neglect on the part of either Defendant. Defendants were aware of the case and are not unsophisticated litigants. Defendant ACA is a collection agency that has experience with litigation. As it notes in its memorandum, collection-agency action is consistently challenged in the courts. Defendant Kalina is a licensed attorney; he is knowledgeable in court practices and litigation responsibilities. It was not reasonable for Defendants to believe that Breslin was going to represent their interest in the matter, especially after they were notified that Breslin had not, in fact, answered the Amended Complaint. It appears that Breslin did not indicate to Defendants that he was handling the matter. There is no showing that Defendants made any inquiry of Breslin about the status of the case at any time.

Memo Op. and Order at 7. The appellants do not contest these findings.

The appellants' position on appeal is twofold. First they chalk up the entirety of their inaction in this case to mere carelessness on their part, for which, they assert, they should get a pass. Appellants' Br. in Chief at 24-25 (citing selective language from Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388, 394). But, the district court found far more than mere

carelessness here. Rather, it found something approaching deliberate indifference. There is no error in that conclusion.

Second, without supporting authority, the appellants attempt to bifurcate their appeal between liability and damages – dealing with the excusable neglect portion in a highly truncated fashion, concentrating on the default itself. But they devote the majority of their argument to what amounts to a direct appeal on the issue of damages. As to this part of their brief, the appellants assert that our standard of review is the same as that for a direct appeal on the merits. Appellants' Br. in Chief at 11.

The appellants attack the type, quality and sufficiency of the damages evidence and engage in a detailed discussion of the law relating to damages under the FDCPA and the New Mexico Unfair Practices Act. The burden of their argument is that the district court committed legal and factual error in its findings and conclusions stemming from the July 30, 2009, evidentiary hearing and resulting in the judgment in question.

After developing this bifurcated approach, the appellants conclude their brief by asking first that we set aside the default judgment pursuant to Fed. R. Civ. P. 60(b)(1), and then "further request" that we reverse the district court's award of damages, or at the very least reduce the damage award to $100.00. Appellants' Br. in Chief at 28. The appellants' analysis misapprehends our review of rulings under Fed. R. Civ. P. 60(b). "[A] Rule 60(b) motion is not a

substitute for an appeal." <u>Bud Brooks Trucking, Inc. v. Hodges</u>, 909 F.2d at 1440. "An appeal from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying decision itself." <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1009 (10th Cir. 2000). As indicated above, the only question before us is whether the district court abused its discretion by denying the appellants' Rule 60(b)(1) motion for relief from judgment in this case due to alleged excusable neglect. We conclude that the district court did not abuse its discretion.

## CONCLUSION

For the reasons stated, as well as substantially for the reasons stated in the district court's Memorandum Opinion and Order Denying Motion to Set Aside, the decision of the district court is AFFIRMED. The appellee's request for attorney fees on appeal is denied.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge